# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KATHLEEN A. SERWATKA,**
   **Plaintiff,**

  v.              Case No. 06C1012

**ROCKWELL AUTOMATION, INC.,**
   **Defendant.**

---

## DECISION AND ORDER

Plaintiff Kathleen A. Serwatka, a former employee of defendant Rockwell Automation, Inc. ("Rockwell") brought this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., alleging that defendant discriminated against her by discharging her because it regarded her as being disabled. On August 22, 2007, I denied defendant's motion for summary judgment. Defendant now moves for reconsideration of that decision. For the reasons set forth below, I will deny defendant's motion.

Pre-judgment decisions are subject to revision before the entry of final judgment. Fed. R. Civ. P. 54(b). I may reconsider my previous decision to correct a manifest error of law or fact or to reflect newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987), amended by 835 F.2d 710 (7th Cir. 1987).

Plaintiff's claim is that defendant mistakenly regarded her as being disabled with respect to her ability to walk. To prevail on this claim, plaintiff must establish that defendant erroneously believed that she was substantially limited in her ability to walk. Squibb v. Mem'l Med. Ctr., 497 F.3d 775, 786 (7th Cir. 2007). Defendant argues that my August 22 decision was in error because the record contains no evidence that would permit

a reasonable jury to conclude that defendant regarded plaintiff as <u>substantially</u> limited in her ability to walk. I disagree. Plaintiff offered evidence that defendant believed that she was permanently restricted to sedentary work, that this restriction required her to remain seated except for occasional standing or walking and that the restriction was based on plaintiff having a substantial limitation in her ability to walk. I considered evidence, such as deposition testimony from plaintiff's supervisors, that supported plaintiff's assertion that defendant regarded her as substantially limited in her ability to walk.

Defendant also argues that the evidence plaintiff presented in support of her claim was insufficient as a matter of law. However, the cases defendant cites in support of this argument are distinguishable from the present case. Those cases involve either different types of evidence, different disability claims or other distinguishing circumstances. For example, the <u>Squibb</u> plaintiff presented evidence directed more to bending, stooping and lifting than to walking. 497 F.3d at 778-79.

Defendant makes several other arguments, but they are based on a misreading of my August 22 decision and do not justify reconsideration.

Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7 day of December, 2007

/s_____
LYNN ADELMAN
District Judge

2